GIOVANNI AQUINO, INC., Plaintiff, Appellant, *v.* SELENA L. BLOCH, LESTER H. WEIL and ALBERT E. HELLER, as Executors Named under the Last Will and Testament of BERT K. BLOCH, Sued Herein as BENJAMIN K. BLOCH, Deceased, Defendants, Respondents.

Supreme Court, Appellate Term, First Department, March, 1924.

**Sales — action for failure to deliver — contract for sale of whisky, not of mere warehouse receipt — recital in warehouse receipt did not relieve seller from his obligation to deliver whisky — question for jury whether substitution of water for whisky occurred after delivery of warehouse receipt.**

A contract for the sale of whisky, rather than a warehouse receipt for the same, arose where it appears that defendants sent plaintiff an invoice " for 15 barrels of spring whisky " and wrote that they would send warehouse receipt upon receipt of check and plaintiff in reply thereto sent them its check.

A recital in the warehouse receipt that the packages " were said to contain whisky " did not relieve the seller of his obligation to deliver whisky.

Notwithstanding the testimony of a United States gauger that he had no knowledge of the substitution, a question of fact arose, in an action to recover damages based on the delivery of water instead of whisky, as to when the substitution occurred since the evidence shows that the barrels were not delivered until one month after it was gauged.

APPEAL by plaintiff from a judgment of the City Court of the city of New York dismissing the complaint at the conclusion of the plaintiff's case.

*Carmody, Roth & Mayer (Chester Mayer,* of counsel), for appellant.

*S. John Block,* for defendants.

PROSKAUER, J.  Defendants sent to plaintiff an invoice for " 15 barrels of spring whisky," writing, " We will be glad to forward you warehouse receipt on receipt of check."  Plaintiff sent the check.  This constituted a contract for the sale, not of a mere warehouse receipt, but of whisky.  The warehouse receipt recited that the packages " were said to contain whisky."  This recital did not impair the seller's obligation to deliver whisky.  When the barrels were taken out of the warehouse they were found to contain ninety-five per cent water and five per cent alcohol.  Plaintiff sues for damages caused by the delivery to him of water instead of whisky.  His complaint was dismissed.  There is evidence that on February 20, 1920, the gauger's report showed whisky in the barrels; that on March 20, 1920, the barrels were delivered to the warehouse; that between that time and the regauging which showed the substitution they remained in the warehouse; that it was a

bonded warehouse which nobody could enter excepting in the presence of the United States gauger, who testified that in fact nobody had access to the barrels save in his presence and he had no knowledge of the substitution. While this testimony does not negative conclusively the possibility that the substitution occurred after delivery of the warehouse receipt, it suffices to make the question one of fact for the jury.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

GUY and BURR, JJ., concur.

Judgment reversed.